OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} This is a consolidated appeal from the January 15, 2002, decision of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of Chester Tritch, minor child, to the Department of Job and Family Services, Inc.
{¶ 2} Appellant Charlotte Tritch is the mother of minor child Chester Tritch (D.O.B. 9/1/92).
{¶ 3} Appellant Jeffrey Tritch is the father of minor child Chester Tritch.
{¶ 4} On October 8, 1996, the Stark County Department of Job and Family Services ("SCDJFS") filed a complaint alleging that Chester Tritch and his brother Chas Tritch were abused and neglected and seeking temporary custody of both children.
{¶ 5} On November 4, 1996, the children were adjudicated neglected and were placed in the temporary custody of the Agency.
{¶ 6} On August 17, 1998, SCDJFS filed a Motion for Permanent Custody.
{¶ 7} On April 15, 1999, the trial court denied the Agency's Motion for Permanent Custody and placed both children in a Planned Permanent Living Arranagement.
{¶ 8} On June 18, 1999, Chas Tritch was returned to the custody of Appellant-Mother and SCDJFS involvement with Chas Tritch was terminated.
{¶ 9} On November 28, 2000, Appellant-Mother filed a Motion to Return Chester Tritch to her custody.
{¶ 10} On February 9, 2001, an Agreed Judgment Entry was filed ordering 1) gradual reunification between Chester and Appellant-Mother and 2) that the SCDJFS First Unit would be put into place in Appellant-Mother's home upon the child's counselor's recommendation.
{¶ 11} On October 9, 2001, SCDJFS filed a Motion for Permanent Custody of Chester Tritch.
{¶ 12} On December 11, 2001, the trial court held an evidentiary hearing as to both phases of the permanent custody.
{¶ 13} On January 15, 2002, the trial court granted permanent custody of Chester Tritch to the Agency.
{¶ 14} It is from this decision that Appellant-Mother and Appellant-Father separately appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR APPELLANT-MOTHER I. {¶ 15} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II. {¶ 16} THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 APPELLANT-FATHER I. {¶ 17} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 II. {¶ 18} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
{¶ 19} Appellants' Assignments of Error are identical and we shall therefore address said assignments of error simultaneously.
 I., II.
{¶ 20} Appellants each claim the trial court's decision to grant permanent custody to appellee was against the manifest weight of the evidence and was not in the best interest of the child. We disagree.
{¶ 21} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
{¶ 22} R.C. § 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 (A) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties;
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code;
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
(10) The parent has abandoned the child.
* * *
Any other factor the court considers relevant.
{¶ 23} R.C. § 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. § 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
{¶ 24} Appellant-Mother's case plan required her to 1) complete a psychological evaluation and follow recommendations, 2) attend Renew, 3) complete parenting skills classes with Goodwill Industries and follow all instructor's recommendations, and 4) attend Melymbrosia for an assessment and follow all recommendations. A subsequent Court Order and agreement by the parties deleted Melymbrosia and replaced it with counseling for Appellant-Mother at Northeast Ohio Behavioral Health. Additionally, Appellant-Mother was to participate in Chester's counseling per Chester's counselor's recommendations.
{¶ 25} In its findings of fact filed January 15, 2002, the trial court noted the following:
 Of all the case plan objectives, the social worker for SCDJFS felt it was most important that mother finish her individual therapy and participate routinely in Chester's therapy per his counselor's recommendations. Mother failed to complete her counseling and was inconsistent in her follow through with respect to joint therapy with Chester. Mother never completed renew. She did complete Goodwill Parenting Classes, but her involvement was less than desirable for concerns SCDJFS raised. Mother has not visited Chester since April of 2001and has failed to substantially remedy the cause that lead [sic] to the removal of Chester.
 Mother has been unable to provide an adequate permanent home. She indicated that since 1996 she has resided in at least twelve different residences.
{¶ 26} Appellant-Father's case plan required him to 1) complete a psychological evaluation and follow recommendations, 2) attend Choices, 3) complete parenting skills classes with Goodwill Industries and follow all instructor's recommendations, and 4) submit to an evaluation at Quest Recovery Services and follow all recommendations.
{¶ 27} In its findings of fact filed January 15, 2002, the trial court noted the following:
 Mr. Tritch did complete a psychological evaluation at Human Development, which recommended drug and alcohol counseling. Mr. Tritch completed treatment at Quest Recovery Services, then subsequently tested positive for marijuana in April of 1999. On June 10, 1999, the Court granted visitation to father contingent upon his obtaining drug/alcohol treatment. He has never complied with this order. Father completed parenting classes at Goodwill Industries and is recommended he obtain housing. Mr. Tritch has housing and has custody of Chas Tritch. Father has not visited or maintained contact with Chester since April of 1999, despite efforts by the social worker for the SCDJFS to initiate supervised visits. Mr. Tritch has failed to substantially comply with his case plan, and has not remedies the cause for the child's removal from the home.
{¶ 28} We find this to be a fair an accurate interpretation of the evidence presented.
{¶ 29} The trial court also found that both Appellant-Mother and Appellant-Father had failed to visit or maintain contact with Chester for more than ninety days, thereby abandoning the child.
{¶ 30} Additionally, the trial court found Chester had been in the temporary custody of the department for 12 or more months of a consecutive 22 month period. As such, the trial court was not required to find that Chester could not or should not be placed with Appellant-Mother or Appellant-Father within a reasonable time. In light of the foregoing and based upon the entire record in this matter, we find the trial court did not abuse its discretion in granting permanent custody of Chester to the department.
{¶ 31} Appellant-Mother's first and second assignments of error are overruled.
{¶ 32} Appellant-Father's first and second assignments of error are overruled.
{¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By BOGGINS, J. FARMER, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellants.